In the Matter of MICHAEL J. HORAN (Also Known as MICHAEL JOSEPH HORAN), an Attorney, Respondent.

First Department, April 17, 1942.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

No appearance for the respondent.

PER CURIAM. The respondent failed to appear personally upon the hearings herein. An attorney appeared on his behalf but

declined to participate upon the ground that he did not know where to locate his client. The attorney volunteered the statement that the respondent was under indictment in New York county.

The referee has reported, and the evidence adduced by the petitioner establishes, that the respondent acted as attorney for one Mrs. Mary Young in connection with the commitment of an incompetent son in October, 1924, and her appointment as committee of his property and accountings subsequently made by her. For all his services so rendered he was paid his fees and disbursements.

Early in 1936 Mrs. Young, who was then eighty years of age, suffered a nervous breakdown. She was taken first to Bellevue Hospital and then to an institution at Pawling, N. Y., for the care of mental patients. She was discharged in November, 1936. In the interim the respondent, taking advantage of her condition and confidence, obtained from her all her savings bank pass books, showing deposits aggregating $9,054.04. He also obtained her signature to withdrawal slips in blank, for the alleged purpose of meeting the expense of her maintenance. By July 2, 1937, he had withdrawn all her bank deposits.

Upon discovery of the fact that her savings accounts had been closed out, Mrs. Young from time to time asked the respondent for an accounting. He assured her that her money was safe in his keeping and promised to render an account, but failed to do so. In August, 1940, he obtained her indorsement on a $400 Prudence bond which he had obtained from her together with other personal property. This bond he sold for $193.50 and secured her indorsement of the check. The proceeds he converted to his own use. Mrs. Young was not informed of the sale of the bond or of the nature of the instrument which she indorsed.

The respondent further obtained in February, 1938, Mrs. Young's signature to a petition for the purpose of obtaining an allowance from the estate of her incompetent son. She was not informed of the contents or significance thereof. The petition falsely recited that Mrs. Young had no means of support, leading the court to believe that Mrs. Young's funds had been legitimately exhausted for her own necessities. Upon this petition the respondent obtained an order granting to Mrs. Young $100 a month from the estate of her incompetent son. From this source he collected $1,089, retaining for himself $33 out of each monthly withdrawal of $100.

Of the amounts obtained by the respondent as aforesaid, aggregating in all $10,336.84, he paid out on behalf of Mrs. Young but $2,639.78. The balance of $7,697.06 he converted to his own use.

Respondent's only claim of justification in his answer was an assignment to himself of all the personal property of Mrs. Young "to be applied, as much as is necessary, for my maintenance and support and my needs during my life, and to apply any part of such income that may be necessary for the purchase of any articles of clothing, books and delicacies that my son, Joseph A. Young, may need or desire." This assignment was obtained in June, 1936, when Mrs. Young's mentality was impaired. She testified that she never knowingly executed the paper and that she would not knowingly have executed such a paper. Said assignment but serves to accentuate the respondent's infidelity to his client and demonstrates the falsity of the representations to the court in obtaining the aforesaid allowances from the estate of Mrs. Young's incompetent son that Mrs. Young was absolutely without means, since the respondent had received from Mrs. Young at least $10,000 for her support, of which he had expended but a small portion for that purpose.

The respondent should be disbarred.

Present — MARTIN, P. J., TOWNLEY, DORE, COHN and CALLAHAN, JJ.

Respondent disbarred.